## Brokenshire v. Brokenshire

*Ben Jones, Jr.*, for libellant.

*E. F. McGovern*, for respondent.

VALENTINE, J., May 6, 1937.—This is an application by libellant for a rule on respondent to show cause why the decree refusing a divorce, entered February 17, 1937, should not be opened and libellant permitted to produce additional testimony. The additional testimony libellant desires to offer is set forth in the petition as follows:

"(*a*) The records of the probation office of the County of Luzerne for the purpose of showing the continuity of the course of conduct complained of by him, the said Fred W. Brokenshire, on the part of Harriet C. Brokenshire;

"(*b*) Further testimony upon the part of libellant to show that the course of conduct complained of by libellant was continuous throughout the married life of libellant and respondent and that the occasions complained of were not isolated occasions;

"(*c*) The records of the Clerk of the Court of Quarter Sessions of the County of Luzerne for the purpose of showing that at the time of institution of the nonsupport proceedings against libellant by respondent, she, said respondent, gave her address as one separate and apart from that of libellant in further support of the desertion of respondent by libellant;

"(*d*) Such further other testimony as will tend to show that the course of conduct complained of by libellant was continuous throughout their married life."

All of this testimony was available at the time of the original hearing. It is not after-discovered.

In Fidelity Title & Trust Co., Exec., v. Robinson et al., 66 Pitts. 580, a petition to open a decree in divorce and grant a rehearing, alleging new and additional evidence had been discovered, was refused where it did not appear that the alleged new evidence was not available at the original hearing.

The decree refusing the divorce was entered during the January term of court. The present petition was not presented until after one entire term of court had intervened and a second term had opened.

In Tandlich v. Tandlich, 5 Leh. L. J. 26, Judge Trexler concluded that the court had no jurisdiction to vacate or open a decree refusing a divorce on the ground of after-discovered testimony after the term at which it was entered.

The rule is refused.